Israel v. Jewett.

---

ISRAEL *et al.* v. JEWETT *et al.*

1. **Eminent domain :** HIGHWAY : DAMAGES. In assessing the damages
occasioned by the taking of private property for public use, the
advantages that may result to the owner on account of the improvement
for which the property is taken cannot be considered.

2. —— RULE APPLIED. It was accordingly *held,* in a proceeding wherein
damages were claimed on account of the relocation of a road over the
claimant's land, that a rule adopted by the court below in ascer-
taining the claimant's damages, to the effect that the measure thereof
was the difference shown by deducting the value of the land after the
change from its value before, was erroneous.

3. ——The correct rule in such case would be to determine the amount
which the damages for the new or relocated line would exceed the
damages sustained by reason of the old one, and allow that sum to the
claimant.

*Appeal from Van Buren District Court.*

WEDNESDAY, AUGUST 31.

THIS is a proceeding upon a claim for damages, filed by
defendants to recover on account of the change or reloca-
tion of a road over his lands. The transcript contains
only the history of the proceeding in the district court,
where judgment was rendered for plaintiffs, refusing the
allowance of defendants' claim for damages. Defendants
appeal to this court.

Israel v. Jewett.

*F. Semple* for the appellants.

*J. C. Knapp* for the appellees.

BECK, J.—A single question is made in this case. It relates to the rule adopted by the district court to determine the damages sustained by the defendants in the change of the road. We infer from the record that the road, before the change, was upon defendant's land, but it does not appear when, and in what manner, it was established, nor whether damages were allowed defendants therefor. The rule referred to is this : The difference shown by deducting the value of the land after the change from its value before, is the measure of defendants' damages. It follows, that if the value after the change be equal to or exceed the value before, under this rule defendants sustained no damages.

This rule most clearly requires the benefits derived from the change in the road to be set off against damages sustained thereby. By the change, the land may have received material benefits which increased its value. If this increased value is to be set off against the damages resulting from the change, the advantages would be taken into consideration in assessing the damages. But this is contrary to the express provisions of the constitution. Art. 1, § 18.

It may have been the intention of the court below, by this rule, to take into consideration the fact that the old line of the road, upon the new one being established, was abandoned, and upon this basis estimate defendants' damages for the new line would exceed the damages sustained by reason of the old one, and allow that sum to defendants in this proceeding. This, in our opinion, is the correct rule. The old route, it may be supposed, occupied one acre of land, the new one, two. It is

evident that if the old route be vacated, defendants should be allowed the value of one acre of land. If any difference be found in the values of the land covered by the old and new routes, it must be taken into consideration. Of course any other injury to the property not existing or caused by the old route, which is a legal ground for allowance of damages must be considered. This rule, it will be seen, will operate justly whether damages had been allowed the defendants on account of the road, as first established or not. The land first occupied was devoted for public use. If that use is abandoned, and the land conveyed by it restored to the owner, he ought to give land of equal value, to the public in return. See Rev. §§ 853, 854. But the language of the rule adopted by the court below reaches much further. It permits all advantages and benefits which tend to increase the value of the land to be set off against damages caused by the relocation. We are unable to say, that in this case only as such as related to the abandonment of the old route were taken into consideration. The rule, therefor, in its application to the case is erroneous.

The foregoing view is not in accord with the position of defendants' counsel, who contends that the new road must be established without regard to the old one. But, in fact, there is but one road in the case; it is simply a change of route for the road, so that it runs over a new line, but it continues to be the same road. Additional damages caused by the change should be allowed, and no more.

Plaintiff's counsel relies upon *Henry* v. *The Dubuque & Pacific R. R. Co.*, 2 Iowa, 288, as furnishing a rule for the assessment of damages in the location of highways. The principles of that case are not applicable to the one before us. Besides, it was decided under the old consti-

tution, which contains no provision similiar to the one above cited.

On account of the error above pointed out the decision of the district court is

Reversed.