JEWETT v. ISRAEL *et al.*

Highway: DAMAGES TO LAND OWNER. Where damages are claimed by a land owner on account of the relocation of a road over his land, the proper rule to be observed in arriving at the damages would be to determine the amount which the damages for the new or relocated line would exceed the damages sustained by reason of the old one, and allow that sum to the claimant. But if it is found that the damages for the new road, in view of the vacation of the old one, do not exceed but fall below the damages sustained by reason of the old one, no damages should be awarded the claimant. *Israel et al.* v. *Jewett et al.*, 29 Iowa, 475.

*Appeal from Van Buren District Court.*

WEDNESDAY, OCTOBER 29.

THIS is an appeal from an assessment of damages on the re-location of a county road. The cause was tried in the district court, and, on appeal to this court, the judgment

was reversed. The case was again tried in the district court and judgment rendered for the defendants; from which they appeal.

*F. Semple* and *Bertrand Jones* for the appellant.

*J. C. Knapp* for the appellees.

MILLER, J. — The cause was tried by the court and a finding of facts made with the conclusions of law based thereon, as follows:

" 1. That defendant Jewett is, and has been for a great many years, the owner of the land (eighty acres) on which both the old and new roads were located; that he also owned 160 acres of land joining said eighty acres on the south.

" 2. That the old road was located on said eighty acres of land some twenty-five or thirty years ago, and has been traveled a great deal, and was so located that it divided said eighty acres by starting at the east side of the same near the south-east corner thereof; and from thence in a north-west direction so that it divided said land into two nearly triangular pieces; that said old road was nearly seventy feet wide and remained a public road until the change was made asked for by petitioners in this case.

" 3. The petitioners in this case asked for, and obtained a change of, said road where it passed through said eighty acres of land; that said change was asked for and made so that the road is now located on the south line and straight through said eighty acres near said line. And for this said Jewett claims his damages, etc.

" 4. The court further finds that the amount of said Jewett's land occupied by the old road was two acres and sixty rods, and that the amount of land owned by said Jewett, occupied by the road since the said change, is one acre and sixty rods.

" 5. The court further finds that the damages to said

Jewett, by reason of the location of the road on the south line of said eighty acres, where it is now located, would not be more than $100, if there had not previously been a road on said premises; but since said road as now located is only a part of the old road changed to another place, and that by said change the old part of said road is vacated; and as it is found that the land of said Jewett, occupied by said road as it was formerly located, was worth a great deal more than the land of new part of said road, and as it was a great deal more damage to have the old road as it was formerly, the court finds that damages that might have resulted to said Jewett by the location of a new road, if there had never been an old road, is more than off-set by the value of the land which said Jewett now has the use of, by reason of the vacation of said part of said old road. Judgment is, therefore, rendered against said Jewett."

On the former appeal in this case it was held, that in a proceeding wherein damages are claimed by reason of the re-location of a road over the claimant's land, the true rule for estimating such damages is to determine the amount which the damages for the new road or re-located line will exceed the damages sustained by reason of the old one, and allow that sum to the claimant. See 29 Iowa, 475.

The district court followed this rule. It found, however, that the damages for the new road did not exceed, but fell below, the damages sustained by reason of the old one, and hence, no judgment could properly, under the rule, be given for appellant.

Affirmed.